401 A.2d 1279.

JENNIE BASSO *vs.* BROWN UNIVERSITY

MAY 25, 1979.

PRESENT: Bevilacqua, C.J., Kelleher, Doris and Weisberger, JJ.

WEISBERGER, J. This is an appeal from a decree of the Workers' Compensation Commission affirming a decree of a trial commissioner denying the employee's claim for compensation due to injuries suffered as a result of an alleged assault and battery by a fellow employee on October 7, 1976. The central issue in this case arises out of the claim by the employee that the decision was rendered prior to the completion of her presentation of testimony and evidence by way of deposition.

This case was heard before a trial commissioner on December 23, 1976, on February 1, 1977, and on March 10, 1977. On this latter date counsel for the employee made the following statement:

> "I will acknowledge that the petitioner has not rested in this case so that since we have to take the deposition in the hospital later this month in Florida, I would not object at this time to the respondent's calling the witness out of turn."

Consequently, a witness was presented on behalf of the employer. At the conclusion of the testimony of this witness, the commissioner did not set another date for hearing. A deposition of Dr. Bruce G. McDonald was taken later in Florida and said deposition was filed with the commission.

The docket sheet indicates that the case was continued to April 11 and subsequently to May 23, 1977. The parties are in agreement that no hearing actually occurred on either of those dates. Nevertheless, a docket entry for May 23, 1977 indicates that the case was "concluded" on that date. An examination of the docket sheet also reveals that a decision of the trial commissioner denying the claim for compensation was mailed July 15, 1977, and a decree pursuant thereto was

entered July 20, 1977. Thereafter, the employee appealed to the full commission,[1] which sustained the decree of the trial commissioner, without considering the issue of the alleged premature conclusion of the case.

The employee contended in her brief and at oral argument that she was not notified of any dates to which the case was continued, and she suggests that she would have presented additional evidence, as well as the deposition, if given a further opportunity to be heard.

Our review of the transcript, as well as the docket sheet, causes us to believe that a misunderstanding occurred between the trial commissioner and counsel for the employee. Apparently the trial commissioner believed that no further evidence would be presented except the deposition which he considered in the course of his decision. Because the employee had not rested, however, we are of the opinion that she should have been given the opportunity to present further evidence on one of the dates to which the case had been continued.

Although we believe that the trial commissioner had no intention of cutting off the employee's presentation in concluding the case without giving her an opportunity to present further evidence, such a result has inadvertently taken place, We believed that justice would be served by remanding this case to the commmission with instructions to remand further, either for additional hearing before the original trial commissioner, or for a de novo hearing before another trial commissioner. Because the original trial commissioner has rendered a decision on the petition, he may find it difficult to reopen this case for further presentation of evidence with that degree of impartiality which would normally attend a hearing on an original petition. In any event, the selection between the alternatives of a further hearing before the same trial commissioner and a trial de

---

[1] Pursuant to P.L. 1978, ch. 267, §4, effective May 10, 1978, such appeals are now taken to the "appellate commission."

novo before another commissioner may best be left to the discretion of the commission.

For the reasons stated, the decree of the full commission is hereby vacated, and the case is remanded to the Workers' Compensation Commission for further proceedings consistent with this opinion.

Mr. Justice Joslin did not participate.

*Lovett & Linder, Ltd., Raul L. Lovett,* for petitioner.

*Chisolm, Fogarty & Feldman, Vincent J. Chisholm, Howard L. Feldman,* for respondent.